UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GEORGE E. LAWRENCE,

                    Plaintiff,

                                        Case No. 19-cv-1498-pp

        v.

COMMISSIONER OF THE
SOCIAL SECURITY ADMINSTRATION,

                    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that he is not employed, he is married, and he two sons, ages 13 and 4, that he is responsible for supporting. Dkt. No. 3 at 1. The plaintiff lists income from his wife's wages of $2,124 per month and income from "Children's Disability Benefits" of $288 per month. Id. at 2. The plaintiff states that he has monthly

expenses of $1,920 ($520 rent, $400 "Misc. Exp." listed under credit card payment(s), and $1,000 other household expenses). Id. at 3-4. Although these figures would seem to indicate that the plaintiff has approximately $490 per month left after expenses, the court imagines that providing for a family of four means that any surplus is quickly spent. The plaintiff owns a 2007 Ford Fusion worth approximately $3,000, he does not own a home, he owns no other property of value, and he has $2 in a checking account. Id. at 3-4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he was denied benefits, that he was disabled during the time period included in this case, and that the Commissioner's unfavorable conclusions and findings of fact when denying benefits are not supported by substantial evidence and/or are contrary to law and regulation. Dkt. No. 1 at 3. Specifically, the plaintiff's complaint states:

2

> The decision failed to identify all severe impairments. The RFC assessment was not function by function. The decision found a light RFC but with only the ability to stand and walk for 4 hours, which is not a light RFC. The decision relies heavily on activities of daily living to find no disability. The Vocational Expert's testimony was not consistent with the Dictionary of Occupational Titles.

Id. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 17th day of October, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**